UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSE I. LUCIO, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-198-HAB-SLC |
| GALPERIN, et al., | |
| Defendants. | |

OPINION AND ORDER

Jose I. Lucio, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lucio alleges that, on February 5, 2023, he completed a medical request form indicating that his teeth hurt. He filled out a second request on February 26, 2023. On March 15, 2023, Lucio saw a dentist, but the dentist could not help him because he had an infection. The dentist prescribed antibiotics and indicated that Lucio's wisdom teeth needed to be removed. Dr. Galperin and Nurse Jordan provided Lucio with an antibiotic, but they did not schedule him to see an oral surgeon. On April 9, 2023, Lucio

told a nurse about his pain, but she indicated she could not help him. On April 13, 2023, Lucio filled out another health care request regarding dental pain. He was seen the next day by Nurse Jordan. She indicated she would let Dr. Galperin know the infection had returned. When Lucio had not heard anything more by April 19, 2023, he filed a grievance. At the time he mailed his complaint on May 15, 2023, he was still in pain.

Because Lucio is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Lucio the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Dr. Galperin and Nurse Jordan. Additionally, the Allen County Sheriff will be added as a defendant because he has the authority to ensure that Lucio receives necessary dental care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) DIRECTS the Clerk to add the Allen County Sheriff in his official capacity as a defendant;

(2) GRANTS Jose I. Lucio leave to proceed against the Allen County Sheriff in his official capacity for injunctive relief to receive constitutionally adequate dental care, as required by the Fourteenth Amendment;

(3) GRANTS Jose I. Lucio leave to proceed against Dr. Galperin and Nurse Jordan in their individual capacities for compensatory and punitive damages for acting in an objectively unreasonable manner in response to Lucio's dental condition, in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Sheriff at the Allen County Sheriff's Department with a copy of this order and the complaint (ECF 1);

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Allen County Sheriff at the Allen County Sheriff's Department;

(7) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of delivery;

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galperin and Nurse Jordan at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(9) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of Dr. Galperin and Nurse Jordan, if they do not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Allen County Sheriff, Dr. Galperin, and Nurse Jordan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(11) ORDERS the Allen County Sheriff to file and serve a response explaining how he is providing Jose I. Lucio with constitutionally adequate treatment for his dental condition as soon as possible but not later than **June 14, 2023**, (with supporting medical documentation and declarations from other staff as necessary);

(12) GRANTS Jose I. Lucio fourteen days to reply to the Allen County Sheriff's response to the motion for preliminary injunction.

SO ORDERED on May 30, 2023.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COUR

4